AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

District of New Mexico

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Oscar Barron-Arredondo | ) | Case No.   26-MJ-2804 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

**FILED**
United States District Court
Roswell, New Mexico

Erik Paltrow
Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   October 2025 and March 31, 2026   in the county of   Luna  and elswhere   in the
_____   District of   New Mexico   , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 and 841(a)(1), (b)(1)(A), and (b)(1)(B) | Conspiracy to Distribute 50 Grams and More of Methamphetamine and 40 Grams and More of Fentanyl |
| 21 U.S.C. § 841(a)(1), (b)(1)(A) | Distribution of 50 Grams and More of Methamphetamine |

This criminal complaint is based on these facts:

See attached "Affidavit"

☑ Continued on the attached sheet.

*Kyle Mullen*
*Complainant's signature*

Kyle Mullen, DEA Special Agent
*Printed name and title*

Electronically submitted and telephonically Sworn to before me.

Date:   June 4, 2026

*Judge's signature*

City and state:     Roswell, New Mexico          Barbara S. Evans, United States Magistrate Judge
*Printed name and title*

**AFFIDAVIT**

I, DEA Special Agent (SA) Kyle Mullen, Affiant, being duly sworn, state that the following information is true and correct to the best of my knowledge and belief:

The following information is based upon my personal involvement in this investigation and information provided to me by other officers and agents and is presented as probable cause to arrest Oscar Barron-Arredondo (Barron-Arredondo). Since this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every known fact regarding this investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause.

On October 28, 2025, Barron-Arredondo agreed to sell an undercover agent (UC) 3,000 fentanyl pills and one vile of fentanyl citrate for $2,450. On November 10, 2025, Barron contacted the UC and informed him that he would not be able to meet and said that he had left the drugs with Luis Torre-Grijalva (Torres-Grijalva) to deliver to the UC. On November 13, 2025, Torres-Grijalva met with the UC in Roswell, NM and sold the UC 302.03 net grams of fentanyl pills and one bottle of fentanyl citrate. After the transaction, the UC contacted Barron-Arredondo and told him the drug deal went well, Barron told the UC that he would be in touch.

On March 24, 2026, the UC made contact with Barron-Arredondo to purchase three pounds of methamphetamine in Deming, NM. Barron-Arredondo told the UC that amount was too small for him to make the trip from Arizona to Deming. Barron-Arredondo then agreed to sell ten pounds of methamphetamine for $9,500 and told the UC that he would give the UC a free sample of fentanyl pills. Approximately a week later, on March 31, 2026, Barron-Arredondo sold 4,379 net grams of pure methamphetamine and 1.24 net grams of fentanyl to the UC. During the drug transaction, Barron-Arredondo told the UC the drugs were located in a black and white bag. The UC pulled the drugs out of the bag and showed Barron-Arredondo and his passenger the drugs. The UC handed the passenger the money, which the passenger proceeded to count. After the drug deal, Barron-Arredondo and he passenger left the location.

The fentanyl citrate was unable to be tested.  All other seized drugs described in this Affidavit have been tested by federal laboratory, and they tested positive for the substances, purity, and net weights described herein.

Based on the above, there is probable cause to believe that from October 28, 2025, through March 31, 2026, in the District of New Mexico, Oscar Barron-Arredondo conspired to distribute 50 grams and more of methamphetamine and 40 grams and more of fentanyl, in violation of 21 U.S.C. §841(a)(1), (b)(1)(A), (b)(1)(B), and 21 U.S.C. §846 and that, on March 31, 2026, he distributed 50 grams and more of methamphetamine, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A).

AUSA Renee Camacho authorized the case for federal prosecution against Oscar Barron-Arredondo.

_Kyle Mullen_
Kyle Mullen
DEA Special Agent

Electronically submitted and telephonically
Sworn to before me on June 4th, 2026

Barbara S. Evans
U.S. Magistrate Judge